IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 22-282 |
| | ) |
| PRENTICE MILLER | ) |

### Memorandum Opinion and Order

Prentice Miller has filed a Motion for Early Termination of Supervised Release, wherein he requests early termination of his 3-year term of supervised release. ECF No. 4. The government has filed a Response, opposing the motion. ECF No. 6. For the reasons explained below the Motion will be denied.

**I.  Background**

Mr. Miller was indicted in the Northern District of Ohio on six counts of drug trafficking and drug trafficking-related crimes. On October 18, 2019, he pleaded guilty to one count of Conspiracy to Distribute Heroin, Cocaine, Cocaine Base, and Fentanyl, in violation of 21 U.S.C. § 846. On November 20, 2018, Mr. Miller was sentenced to 36 months' imprisonment to be followed by 3 years of supervised release.[1] Mr. Miller's term of supervision began when he was released from his term of imprisonment on June 8, 2021.

---

[1] The remaining counts against Mr. Miller were dismissed upon motion of the government. Mr. Miller's sentence of 36 months' imprisonment was below the applicable guideline range of 46 to 57 months.

II.     **Applicable Law**

Early termination of a term of supervised release is authorized under 18 U.S.C. § 3583(e).  A court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the court "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination."  United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (citation omitted).  In making this determination the Court must consider the factors set forth in 18 U.S.C. § 3553(a)[2].  "District courts are not required to make specific findings of fact with respect to each of these factors; rather, 'a statement that [the district court] has considered the statutory factors is sufficient.'"  Melvin, 978 F.3d at 52–53 (3d Cir. 2020) (quoting United States v. Gammarano, 321 F.3d 311, 315–16 (2d Cir. 2003)).  Although new circumstances are not required in order terminate supervision early, the Third Circuit Court of Appeals has explained the "general rule" that "if a sentence was 'sufficient, but not greater than necessary' when first pronounced, 18 U.S.C. § 3553(a), we would expect

---

[2] The factors under 18 U.S.C. § 3553(a) are:: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.  18 U.S.C. § 3553(a)(1), (2)(B)-(D) & (4)-(7).

that something will have changed in the interim that would justify an early end to a term of supervised release." Melvin, 978 F.3d at 53.[3]

### III.   Mr. Miller's Argument

Mr. Miller argues that early termination of his supervised release is warranted for several reasons. He points out that he has already served more than half of the term of supervision. Mr. Miller also asserts that he has no need for programming, counseling, or treatment. He has complied with all of his special conditions and has had no incidents on supervision. He lives with family in housing Mr. Miller purchased. He directly cares for two of his children, and shares custody of his four other children. His mother lives with Mr. Miller and assists him with care of the children. Mr. Miller also has a job at which he excels. He argues that termination of his supervision would allow him to better support his family. In summary, Mr. Miller argues for termination of supervision as follows:

> Mr. Miller has completed every condition asked of him and has gone far beyond the requirements of supervision. He is fully reintegrated into society and is a valued worker, family member and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is full compliance with all terms of his supervision. He has no aggravated role in the offense and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community and family.

Mot. Early Term Sup Release 3-4.

### IV.   Discussion

The Court acknowledges that at the time Mr. Miller's Motion was filed on January 25, 2023, he appeared to be compliant with the terms and conditions of his supervision. He is also gainfully employed and supports (and has the support of) his family and others.

---

[3] To be clear, the Court acknowledges that, even in the absence of new circumstances, it has the discretion to terminate supervision early. United States v. Melvin, 978 F.3d 49, 53 (3d Cir. 2020).

However, on February 15, 2023, the Court received a Report on Mr. Miller indicating that he had violated the conditions of his release by committing a crime in an Ohio casino on February 1, 2023. The Cuyahoga County Court of Common Plea alleges that on February 1, 2023, Mr. Miller purposely and knowingly took money from a casino game with the intent to defraud or without having made a wager. Ohio v Miller, CR-23-677673-B (citing the statute (§3772.99.E(7)) and charge (Gambling (F5)). This activity alone, violating a condition of supervision within days of requesting early termination, supports denial of the request to terminate supervised release. The conduct demonstrates that Mr. Miller needs supervision as part of his sentence. Furthermore, supervision in this case will also help assure the safety of the community. The Probation Officer has already indicated its intention to increase Mr. Miller's supervision as a direct response to Mr. Miller's criminal charge.

As to Mr. Miller's asserted good conduct prior to February 1, 2023, the Court expects that all defendants on supervised release will successfully comply with the conditions of supervision, and compliance alone is unlikely to be sufficient to warrant the early termination of supervised release in most cases. Significantly, Mr. Miller was convicted of a serious and dangerous drug trafficking crime, and he did not act alone as he was part of a criminal organization to distribute drugs. As the government points out, Mr. Miller also has an extensive criminal history that includes drug trafficking, violence, and other crimes. Gov. Resp. 6-7. The instant offense, along with Mr. Miller's past criminal history, also weighs against termination of supervised release.

## V.     Conclusion

After reviewing the factors to be considered for early termination of supervised release as set forth in 18 U.S.C. § 3583(e)(1), and the factors listed under section 3553(a), the Court finds that it is not in the interest of justice to terminate Mr. Miller's supervised release at this time.

Accordingly, the following Order is hereby entered.

AND NOW, to-wit, this 17th day of February 2023, it is hereby ORDERED that Prentice Miller's Motion for Early Termination of Supervised Release, ECF No. 4, is DENIED.

  s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge
